LOUIS H. GREEN and COMMONWEALTH FISHERIES COMPANY, Respondents, v. THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant.

Second Department, March 3, 1922.

Insurance — marine insurance — presumption of unseaworthiness overcome by evidence — exclusion of testimony by engineer as to reports made by him to master not reversible error.

In an action to recover upon a policy of marine insurance, the presumption that a vessel was unseaworthy at the commencement of the voyage, where shortly after sailing she springs a leak without encountering any perils of the sea, is overcome by evidence that the vessel was seaworthy when she started on the voyage, and that the leaks which thereafter caused her total loss were caused by the continued navigation against a heavy wind and sea.

While the trial court should have permitted the engineer of the vessel, who was called as a witness for the defendant, to testify to reports made by him to the master during the voyage, the exclusion of the evidence was not reversible error, for the fact that the reports were made was before the jury in the evidence of the master and the engineer, and the exact time at which they were made was not of importance since defendant's risk under the policy covered default and errors in judgment on the part of the master and engineer.

APPEAL by the defendant, The Globe and Rutgers Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Richmond on the 25th day of June, 1921, upon the verdict of a jury.

*Arthur W. Clement* [*D. Roger Englar* and *Dix W. Noel* with him on the brief], for the appellant.

*Harold R. Medina* [*Henry W. Baird* with him on the brief], for the respondents.

PER CURIAM:

The appellant correctly states the law that the burden of proof is upon the plaintiff to prove that the loss occurred as the result of a peril insured against, and that when shortly after sailing a vessel springs a leak without encountering any peril of the sea there is a presumption that she was unseaworthy at the commencement of the voyage. But in the case at bar there was evidence believed by the jury that the vessel was seaworthy when she started on the voyage, and that the leaks which thereafter caused her total loss were caused by the continued navigation against a heavy wind and sea. The case was summed up by counsel for the respective parties, and submitted to the jury in a charge to which neither side took exception, nor did the defendant, appellant, request any additional instructions. There was ample evidence to sustain the verdict that the loss was occasioned by a peril insured

against. The learned trial justice sustained objections to questions propounded to expert witnesses called by defendant, in one case as to the effect of a temporary grounding of the vessel while coaling in a slip, caused by the ebb tide, and in the other case as to the necessity for docking and inspection after such grounding. In neither case was there any attempt to state the assumed facts to the witness so as to justify expression of opinion. And as matter of fact the opinion of the witness was apparent to the jury from other evidence given by him. While we think the trial justice should have permitted the engineer of the vessel, called as a witness by defendant, to testify to reports made by him to the master during the voyage, still we conclude that the exclusion of the evidence does not present reversible error. The fact that the reports were made was before the jury in the evidence of the master and the engineer, the exact time at which they were made was not of very great importance, especially as defendant's risk under the policy covered " default and/or error in judgment of master, mariners, engineers, pilots or crew."

The judgment should be affirmed, with costs.

Present — BLACKMAR, P. J., KELLY, JAYCOX, MANNING and KELBY, JJ.

Judgment unanimously affirmed, with costs.