## THIRD DEPARTMENT, NOVEMBER, 1933.

BYRON C. CLARK, Respondent, v. GLOBE INDEMNITY COMPANY, Appellant.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Crapser and Bliss, JJ., concur; Rhodes and McNamee, JJ., dissent and vote to reverse judgment and to dismiss complaint, with an opinion by Rhodes, J., in which McNamee, J., concurs.

RHODES, J. (dissenting). The defendant issued to one John Fleming an automobile liability insurance policy covering an automobile owned by him. While the

policy was in force the said car was involved in an accident resulting in injuries to the plaintiff herein and to his wife. Gertrude H. Clark. Actions were brought by each against Fleming, resulting in a verdict in favor of Mrs. Clark for $8,500, which included damages for her personal injuries and property damage shown upon the trial to amount to $150. The plaintiff herein also recovered a general verdict in the sum of $2,000. The defendant herein, as insurer, has paid to Mrs. Clark $150, the amount of her property damage, and $5,000, the amount of its policy liability for bodily injuries sustained by any one person. Execution was issued upon the judgment obtained by plaintiff against Fleming and returned wholly unsatisfied because of his insolvency. Thereafter this action was commenced to recover upon defendant's liability as insurer, pursuant to its policy and the provisions of section 109 of the Insurance Law, each of which authorizes the bringing of an action by a judgment creditor against the insurer directly to recover the amount of judgment recovered against the insured within the limits of the policy in case of the insolvency of the insured. From the judgment rendered in favor of the plaintiff in the last-mentioned action, the defendant now appeals. Without quoting extensively from the policy, it is sufficient to say that liability is limited as follows: " (A.) On account of bodily injuries to or the death of one person the Company's liability shall not exceed the sum of Five Thousand Dollars ($5000), and subject to the same limit for each person, the Company's liability on account of bodily injuries to or the death of more than one person, as the result of one accident, shall not exceed the sum of Ten Thousand Dollars ($10,000)." The present action is brought by the plaintiff to recover from the defendant the amount of his damages for bodily injuries as included in the verdict rendered in his favor in the action brought by him against Fleming. The defendant resists payment here upon the ground that the plaintiff has not shown how much the jury awarded to him for bodily injuries. In plaintiff's said action against Fleming his complaint set forth two causes of action; in the first he alleged damages for bodily injuries in the sum of $15,000; in the second he alleged damages for loss of services and for the expense of medical care and nursing for his wife in the sum of $5,000, and the demand is for judgment in the sum of $20,000. The plaintiff proved very serious and substantial bodily injuries suffered by him, and also established substantial damages by reason of the loss of services of his wife and for medical care and expenses incurred by him in her care. Damages awarded to the plaintiff for loss of services of his wife are not damages for bodily injuries within the meaning of the terms of the policy. (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137.) It is, therefore, impossible to determine how much of the verdict is for plaintiff's bodily injuries and how much represents damage for loss of services of his wife. The learned court below pointed out this difficulty in his opinion and stated: " The court cannot now examine the evidence on a previous trial and from that proof determine the amount which the jury might have awarded plaintiff as damage for his own bodily injuries. Such a course would involve only speculation, surmise and guess. The burden is on defendant to show that plaintiff's judgment includes items for which it is not legally liable." It is manifest that the judgment herein was granted in favor of the plaintiff on the theory that the burden of proof was upon the defendant and probably because the plaintiff had shown that he sustained bodily injuries which would have warranted a verdict herein in a sum at least equal to the amount sought to be recovered here. The fact remains, however, that plaintiff is required

to prove his case. His action is upon a contract. While it is true that plaintiff has a right of action against the insurer by virtue of the statute, such cause of action is created only in case there is an existing contract of insurance. Both statute and contract provide that an action such as this may be brought against the insurer "under the terms of the policy." In the policy here in question the defendant contracted to pay damages recovered for bodily injuries, but such damages are specified as "damages imposed by law." It further states that "no action shall lie against the Company to recover upon any claim or for any loss  *  *  *  until the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the Company." Therefore, by the terms of the contract the plaintiff is required to show that he has recovered a judgment for bodily injuries. Having failed to show the amount of bodily injuries recovered, one of the essential facts is lacking upon which to base a judgment herein. We must not lose sight of the fact that the defendant's liability is measured by the terms of its contract and cannot be extended beyond the bounds of its undertaking because of sympathy for the plaintiff's unfortunately unrecompensed injuries. No case has been called to our attention presenting this question relating to a policy containing terms identical with the terms of the policy here. A case similar in principle is *General Accident, Fire & Life Assurance Co.* v. *Clark* (34 F. [2d] 833). In that case a husband and wife brought an action against the insurer under its indemnity policy which limited its liability for one person to $5,000. The wife recovered compensatory damages in the sum of $6,000 and the husband recovered compensatory damages in the sum of $1,000 and $3,000 punitive damages were awarded to them jointly. It was held that they were not entitled to recover the punitive damages because of their failure to show how they were intended to be apportioned. The court said: " The burden was upon the plaintiff to establish a right of recovery against the defendant, and as to the punitive damages they have wholly failed to do so, because under the evidence the whole thereof may have been awarded by the jury in the suit against George Ross, because of the wife's injuries." In denying judgment to the plaintiff the court emphasized that plaintiffs had failed to bring themselves within the terms of the policy. For cases illustrating the proposition that the burden of proof is upon the plaintiff, see *Lavine* v. *Indemnity Ins. Co.* (260 N. Y. 399), where the court said: " The policy under consideration must be held limited in coverage to the agreement of the parties as expressed therein." (See, also, *Green* v. *Globe & Rutgers Fire Ins. Co.*, 200 App. Div. 343; *Cohen* v. *Metropolitan Casualty Co. of New York*, 233 id. 340; *Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45; *Witherstine* v. *Employers' Liability Assurance Co.*, 235 id. 168.) When plaintiff's right to recover rests only upon possibility, conjecture and speculation, then he has failed to establish his cause of action. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Ruback* v. *McCleary, Wallin & Crouse*, Id. 188; *Scharff* v. *Jackson*, 216 id. 598.) The plaintiff having failed to show the amount of damages for bodily injuries awarded to him, has failed not only to meet the burden of proof but to produce any proof upon this material issue. The judgment should, therefore, be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs. McNamee, J., concurs.