GEORGE BOGARDUS, Appellant, *v.* UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.

Fourth Department, October 31, 1945.

*William MacFarlane* for appellant.

*Byron A. Johnson* for respondent.

HARRIS, J. Plaintiff-appellant appeals from a judgment dismissing his complaint, which judgment was granted on motion of the defendant-respondent made under rule 113 of the Rules of Civil Practice. By such complaint, the plaintiff alleged that the defendant was liable under section 167 of the Insurance Law to pay a judgment which the plaintiff had previously secured against one Raymond S. Nortz. The Special Term, in granting the order dismissing the complaint, wrote no opinion nor memorandum giving reasons for granting the order.

The facts on which this appeal must be determined are as follows: Under date of May 31, 1941, the defendant issued to Raymond S. Nortz its liability policy containing provisions hereinafter quoted, which provisions are pertinent to this litigation:

" Insuring Agreements. 1. Coverage A — Bodily Injury Liability. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services. because of bodily injury, including

death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

" 2. Coverage B — Property Damage Liability. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

" Conditions. 2. Limits of Liability — Coverage A. The limit of bodily injury liability stated in the declarations as applicable to ' each person ' is the limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to ' each accident ' is, subject to the above provision respecting each person, the total limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by two or more persons in any one accident. * * *

" 8. Action Against Company — Coverages A and B. No action shall lie against the Company, unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company.

" Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Insured. * * *."

While such policy was in full force and effect and on the 11th day of July, 1941, a collision occurred between the automobile owned by Nortz and covered by such policy and another automobile owned by the plaintiff, in which at the time the plaintiff and his wife, Madeline Bogardus, were riding. As a result of such collision, both the plaintiff and his wife suffered injuries and each brought a separate action against Nortz for reimbursement for his or her individual injury and damage. The two actions were jointly tried in Monroe County, and as a result of such trials Madeline Bogardus secured a verdict of $12,617.22 against Nortz, and the plaintiff, her husband, had against Nortz a verdict for $3,677.70, which latter verdict is the

basis on which the plaintiff seeks recovery from the defendant, United States Fidelity & Guaranty Company, in this action. The limits of financial liability of the policy held by Nortz were $5,000 and $10,000 for personal injury and $5,000 for property damage; the personal injury limits being confined to $5,000 for injury to one person and its consequences, and $10,000 as the limit of reimbursement when two persons were injured. The complaint of the wife Madeline Bogardus against Nortz, in her accident suit, was for personal injuries only, while the complaint of the plaintiff herein, in his accident suit, against Nortz was for (a) expense and loss of services and society growing out of the injuries of his wife; (b) personal injuries to himself; and (c) damage to his automobile. At the trial of the accident cases and before the charge of the court to the jury, the defendant's counsel, who represented Nortz and his insurance carrier (the defendant herein), addressed the court as follows: "At this time, your Honor, I ask your Honor to instruct the jury, at the conclusion of the summations, in case the jury finds that the plaintiff George Bogardus is entitled to recovery in this action, then three separate verdicts shall be returned in his action, as follows: A separate verdict covering bodily injuries sustained by Mr. Bogardus, necessary and reasonable expenses incurred by him by reason of such personal bodily injury; a separate verdict covering loss of services, society and consortion [sic] of his wife, and necessary and reasonable expenses incurred by him in connection with bodily injuries sustained by his wife; and a separate verdict covering damage to the automobile of Mr. Bogardus."

The court then said to the counsel for the plaintiffs: "What do you say about that, Mr. MacFarlane? Have you any objection to that?" Mr. MacFarlane, counsel for the then plaintiffs, replied: "I assume a general verdict is the only thing that can be rendered." And then the trial court said: "In the charge I will talk on this point, but I decline to instruct the jury to bring in a verdict as requested." To which ruling of the court, Mr. Johnson, then representing the defendant Nortz on behalf of the insurance carrier said: "I take an exception." The trial court could have directed the jury to make specific findings on amounts of damages (Civ. Prac. Act, § 459) and thus probably would have obviated this present litigation. Instead, the trial court, although instructing the jury on the different elements of the husband's cause of action, permitted to be brought in a general verdict in favor of the husband and against Nortz. No exception was taken to such charge. The judgment was

entered on the verdict in favor of Mrs. Bogardus and on that in favor of Mr. Bogardus. Subsequently thereto and prior to the bringing of the present action, the defendant herein paid $5,000, plus her costs and interest, to Madeline Bogardus. No payment was made to the present plaintiff by reason of his judgment against Nortz.

The respondent, in its brief, contends that " its policy does not impose upon it the legal liability to pay to the plaintiff the amount of his judgment against Nortz based upon the general verdict." This quotation succinctly sets forth the position of the respondent herein and it buttresses such position by citation of *Clark* v. *Globe Indemnity Co.* (240 App. Div. 916, affd. 266 N. Y. 478). Such citation does not sustain the position of the defendant. *Clark* v. *Globe Indemnity Co.* has a somewhat similar factual history to that of the case before this court now. In the *Clark* case, both Clark and his wife sought damages for injuries and other losses in a suit against one Fleming, who was insured against the consequences of liability with the Globe Indemnity Company. Mrs. Clark's claim was for personal injury and damage to her automobile, and Mr. Clark's claim was for personal injuries and the loss of his wife's services and the expenses due to her treatment and care. Husband and wife each recovered a judgment against Fleming. Executions on such judgments were returned wholly unsatisfied, and the Globe Indemnity Company, which carried a $5,000–$10,000 policy, paid to Mrs. Clark the full sum of $5,000, which was less than the amount of her verdict against Fleming, and the further sum of $150 for damage to her car, together with interest and costs of the action. In the *Clark* case against Fleming, the defendant's counsel, who represented both the defendant Fleming and his insurance carrier, asked for a verdict which would show separately the items of damage to the plaintiffs, and this request the then trial court denied and a general verdict was rendered for husband and wife. Clark brought suit against Fleming's insurance carrier, the Globe Indemnity Company. There the defendant insurance carrier did not absolutely deny liability as in the case now before the court, but after stating the facts in its answer, asked that court render such judgment as such facts warranted, and further the defendant insurance company offered judgment for some $500 which it conceded should be awarded to Clark. Then the plaintiff Clark moved for summary judgment, and at Special Term secured such judgment for the full amount of the verdict which the plaintiff had had against Fleming; the Special Term holding

that, on a question of damages in such a lawsuit, the burden was on the defendant insurance company to show what items in the original verdict were not covered by the insurance policy. (146 Misc. 697, 699.) On appeal, by a divided court, the Appellate Division reversed the summary judgment and ordered a new trial of the issues raised by the complaint and answer. (240 App. Div. 916.) Then the plaintiff, instead of taking his new trial, appealed to the Court of Appeals and made a stipulation of judgment absolute. The Court of Appeals (266 N. Y. 478) affirmed the judgment entered on the majority vote of the Appellate Division and which had granted a new trial and, on the stipulation for judgment absolute, dismissed the complaint. Such a disposition by the Court of Appeals was not decisive of the question now before us except as it may be inferred that the plaintiff would have been entitled to his new trial if he had not gone to the Court of Appeals with a stipulation of judgment absolute.

*Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137) is authority for a ruling that under a policy similar to that now in litigation and one similar to that in the Clark litigation, the limit of $5,000 is all the amount for which the insurance carrier is liable for personal injuries to a wife and the consequent loss to her husband from such injuries. So that in both the *Clark* case and this case the payment to the wife of the $5,000, with interest and costs, concluded the husband from recovering from the insurance carrier any moneys for his loss on account of expense and loss of company and services.

There is some difference in the provisions of the policy set forth in *Clark* v. *Globe Indemnity Co.* and the policy now here. The provision in the Fleming (Clark) policy was " No action shall lie against the Company to recover upon any claim or for any loss * * * until the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the Company." And in the Nortz (Bogardus) policy is " No action shall lie against the Company * * * until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company." It is fair to say that the latter provision is more liberal in its inclusion than the former. In the presently considered policy, the question of difference for discussion is what is meant by the words " until the amount of the Insured's obli-

gation to pay shall have been finally determined ''. · The respondent here contends that without the establishment by jury verdict of the exact amount to which the plaintiff is entitled for each of the husband's three items (a) expense and loss of services and society growing out of the injuries to his wife; (b) personal injuries to himself; and (c) damage to his automobile, there has been no final determination under the language of the policy. Such is not the exact language of the coverage and in this respect.it can be said that the language is somewhat ambiguous. In case of ambiguity, the question must be determined in favor of the insured. (*Mutual Ins. Co.* v. *Hurni Co.*, 263 U. S. 167, 174; *Howell* v. *John Hancock Mut. Life Ins. Co.*, 286 N. Y. 179, 185; *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44, 47; *Halpern* v. *Amtorg Trading Corp.*, 265 App. Div. 540, 543.) A fair interpretation of the language just above quoted would lead to the conclusion that there has been a final determination of the amount when a jury has brought in a verdict which includes with other items that obligation. As has been said earlier in this opinion, the exact information of the amount could have been gained if the trial court had acquiesced in the request of the counsel for the defendant Nortz. If we take the construction asked for by the. defendant herein, then such defendant is relieved of its obligation to protect its insured and those injured through the negligence of the insured, while if we take the viewpoint that the general verdict is sufficient to finally determine the amount of the insured's obligation to pay, then the company is but held to its contract of coverage and protection. What seems to have been a cause of confusion in this litigation has been a conclusion on the part of the insurance carrier, the defendant herein, that the plaintiff herein has no cause of action unless his proof of damage herein is crystal clear cent by cent. The law in this State is that, if a cause of action exists and there is uncertainty as to the amount of damage arising from a breach of contract, such a situation of uncertainty need not necessarily lead to a verdict of no cause of action or to a dismissal of the complaint on a motion for summary judgment. A fair statement of the rule which should be applied to the present litigation, is that the burden of proof to show a cause of action under the coverage of the policy is on the plaintiff; and " a person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain.'' (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Haughey* v. *Belmont Quadrangle Drilling Corp.*, 284 N. Y. 136, 286 N. Y. 584; *Murphy* v. *Lifschitz*, 183 Misc.

575, 576–577, affd. 268 App. Div. 1027, motion for leave to appeal granted 294 N. Y. ——; *Nathan* v. *King Features Syndicate*, 32 N. Y. S. 2d 519, 521, affd. 265 App. Div. 843; *Macgregor* v. *Watts*, 254 App· Div. 904; *L. I. Waldman & Co.* v. *State*, 41 N. Y. S. 2d 704; Restatement, Contracts, § 331; 25 C. J. S., Damages, §§ 27, 28.) Applying these rules, it becomes necessary to reverse the judgment and order from which appeal has been taken herein, and to grant a new trial of the issues raised by the pleadings. On such new trial, the plaintiff would have the task of proving damages. One of the sources of proof could be the record of proof in the trial of the accident cases. Other methods of proof may be available to him. The final result of such proof, before he may be awarded damages, must be such as to establish in the minds of the jury a reasonable certainty that damages he is awarded by the jury flow naturally from the cause of action established under the policy of coverage.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event. [See 270 App. Div. 801.]