Thomas Dickens, J.
The aim of this third-party action instituted by the insured against the insurer pursuant to section 193-a of the Civil Practice Act, is to retrieve the expenditures incurred in defense of plaintiff’s negligence action, and also, the share contributed to the settlement thereof made with the plaintiff by the insured and the codefendants therein.
These monetary obligations became the burden of the insured firm of Wittlin & Brenner, the third-party plaintiff, when the Commercial Insurance Company of Newark, the insurer and third-party defendant, renounced during the term of its liability policy, the duty to defend thereunder as insurer in this particular instance.
On the basis of. the policy, the insurer stresses in its trial brief the following contentions for the disclaimer: First, that the accident, occurring subsequently to the completion of the insured’s contracting work, came, by reason thereof, within the exclusion provision, and so, no contractual duty devolved upon it to defend; and second, that the judgment founded upon the settlement, was not obtained after an actual trial, or by a written agreement of the insured, the claimant, and itself.
The salient facts at issue in this litigation are clear, and provide the appropriate background for the law to supply a decisive answer to each of these contentions.
The accident around which this third-party action revolves, happened on April 29,1955. A letter of contemplated suit sent to the insured, was, as early as May of the same year, transmitted to the insurer but ignored. Also, the summons and the complaint thereafter served on the insured, were, in October of that year, turned over to the insurer but rejected.
*708 Despite this extended latitude of timely notice, the insurer elected not to defend the negligence action. It asserted as the underlying reason, the completion of the job prior to the happening of the accident; therefore, no duty under the coverage terms of the policy, rested upon it to defend.
In consequence thereof, the insured had its attorney interpose an answer in that action. Subsequently, the parties thereto, after several pretrial sessions, finally entered into a compromise,, resulting in a settlement, in toto, of $7,500, toward which the insured firm, as one of the defendants, contributed as its share the sum of $2,500. Thereupon, a judgment by severance for the latter amount, was duly entered by consent against the third-party plaintiff.
In support of its defense of noncoverage in this instance, the insurer produced as part of its proof, a written statement obtained from Samuel Wittlin, a member of the insured firm, in which it was stated that the operations had been completed prior to the accident. This document the insured controverted, however, by a plausible explanation of the manner in which it was obtained, and also, by a denial of its factual verity. In effect thereof, its material contents became neutralized. (Raabe v. Squier, 148 N. Y. 81, 86; Hirsch v. New York Life Ins. Co., 267 App. Div. 404, 407; National Life Assn. v. Thompson, 38 App. Div. 445.)
All in all, after carefully listening to the testimony, and after weighing the merits of its resultant proof, I have reached the inclination to accept and now do accept the third-party plaintiff’s version, to wit, that the job had still been in operation at the time when the accident happened. This determination brings the factual situation within the terms of the policy, thereby imposing the contractual liability thereunder. (Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251.)
Now, I come to the insurer’s second contention challenging the insured’s right to settle the negligence action at a time preceding a trial of the issues therein, even though the former had eschewed its duty to defend.
This contention is founded on the argument that before liability could be impressed by virtue of the policy, which restricts “ a judgment against insured after actual trial or by written agreement' of the insured, the claimant, and the company,” a trial must be had and an adjudication made of the issues in the negligence action. In other words, that action must, in any event, be reduced to judgment before liability could arise. In support of this reasoning, the following citations *709 were presented: Clark v. Globe Ind. Co. (240 App. Div. 916, affd. 266 N. Y. 478); Bogardus v. United States Fidelity & Guar. Co. (269 App. Div. 615).
Whatever else may be said analytically of these citations with respect to their application generally to the factual situation here, it is quite evident therefrom that an issue of settlement after an unwarranted refusal to defend, as here, was not involved in those cases.
From a view of the actual legal aspect applicable to the facts in the instant case, this contention is untenable and cannot prevail.
When it assumed a fixed stand of not being obligated to defend, basing its decision decidedly on its investigation and on the factual situation instead of on the interpretation of the negligence complaint in the light of the terms of the policy (Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251, 258, supra), the insurer, by such refusal, which in law I find on the facts here was unjustifiable, waived enforcement of the policy clause in question. (Mayor, Lane & Co. v. Commercial Cas. Ins. Co., 169 App. Div. 772, 777, cited on this point in Cardinal v. State of New York, 304 N. Y. 400, 410.) As a result, the settlement consummated by the parties in that action, became binding upon the insurer. (Hudson Riv. Tel. Co. v. Ætna Life Ins. Co., 66 Misc. 329, 337, affd. 138 App. Div. 931.)
Inasmuch as the fair and reasonable construction of the policy in conjunction with the negligence complaint imposed upon the third-party defendant the binding duty to defend the third-party plaintiffs, I conclude that the failure to fulfill that contractual duty, was a breach of its covenant to defend, entitling the third-party firm as plaintiff here to recover the reasonable and necessary expenses to which it was subjected in the conduct of its defense. (Cardinal v. State of New York, supra; Doyle v. Allstate Ins. Co., 1 N Y 2d 439.)
Considering, therefore, the settlement to be a reasonable one, I find that the third-party plaintiff is entitled to judgment in the sum of $2,500, plus $500 for attorney’s fees, together with the costs and the disbursements of this action.
All motions undisposed of, are resolved in conformance with this opinion.
Thirty days ’ stay; 60 days to make a case.
Settle judgment.