Isidor Wasservogel,
Spec. Ref. Plaintiff insured seeks to recover from defendant insurer certain expenses allegedly incurred by the former in connection with the defense of an action for copyright infringement and unfair competition insth *342 tuted against plaintiff and other named defendants by Warner Bros. Pictures, Inc.
Plaintiff was engaged in the business of producing radio shows, among them the radio series known as the “Adventures of Sam Spade”. In June, 1947 defendant issued to plaintiff its “Broadcaster’s Liability Policy” which covered the program “Adventures of Sam Spade” and insured plaintiff against liability, among other things, for infringement of copyright.
In or about May, 1948, Warner Bros. Pictures, Inc., instituted an action against plaintiff and others for alleged copyright infringement and unfair competition arising out of the broadcast of the “ Adventures of Sam Spade ” programs. Pursuant to the terms of its policy, defendant undertook the defense of such action and retained a well-known California law firm to represent plaintiff and all the other named defendants in the lawsuit, except Dashiell Hammett, the original author of ‘ ‘ Sam Spade ”. It is plaintiff’s contention that at the request of the California trial counsel designated by defendant, it incurred traveling and other expenses amounting to almost $8,000 in connection with the defense of the Warner Bros, action, for which defendant has refused reimbursement.
In addition to a general denial, defendant’s answer sets forth a counterclaim for more than $19,000 based upon defendant’s claim that, with the knowledge, consent and permission of plaintiff, defendant retained California counsel and incurred legal expenses in the defense of claims against plaintiff in the Warner Bros, action which were not covered by defendant’s policy of insurance. Upon the trial of the case at bar, defendant also urged that the California attorneys had no authority to bind it for the expenses plaintiff seeks to recover here and that certain of these expenses, in any event, were not covered by the terms of the policy it issued to plaintiff.
Defendant’s contention that trial counsel it retained to defend the Warner Bros, action had no authority to empower plaintiff to incur expenses in connection with such lawsuit is without merit. Unless specifically ordered to the contrary by the person retaining him (and in my opinion there is serious doubt whether such restriction is binding) an attorney charged with the legal and moral duty to prosecute or defend an action to the best of his ability has the implied power and authority to make and authorize such reasonable expenditures as the diligent prosecution or defense of the lawsuit may require (Brown v. Travellers’ Life and Acc. Ins. Co., 21 App. Div. 42; Hudson Riv. Tel. Co. v. Ætna Life Ins. Co., 66 Misc. 329, affd. 138 App. Div. 931; *343 Packard v. Stephani, 85 Hun 197; see, also, Butterweich v. Goodman & Garson, 12 Misc 2d 706, 709; Mulligan v. Cannon, 41 N. Y. S. 279, affd. 153 N. Y. 663; 7 C. J. S., Attorney and Client, § 213, p. 1154).
Ordinarily, the authority of counsel to make necessary and proper disbursements is implied merely from the relationship between attorney and client. Here, however, in addition to such implied power, specific provisions of defendant’s policy of insurance required plaintiff to co-operate with defendant and its designated counsel in defense of the Warner Bros, lawsuit. The policy here involved provided as follows:
“ No. 5 — Assistance and Cooperation of the Insured.
“ The Insured shall cooperate with the Company and, upon the Company’s request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits; and the Company shall reimburse the Insured for expenses # * * incurred at the Company’s request.” (Emphasis added.)
In the instant case, the credible evidence establishes that plaintiff’s expenses were incurred, for the most part, at the direct request of defendant’s California trial counsel, in securing evidence, documents and material pertinent to the conduct of the litigation; in obtaining the attendance of witnesses and expert testimony; in the preparation of depositions and interrogatories necessary to the conduct of the lawsuit in California and in attempting to effect a settlement of this litigation. In connection with these items, it was necessary for one or more of plaintiff’s officers to make frequent trips to California during the period between June, 1948 and April, 1952. It is claimed by plaintiff that expenses incurred by its officers amounted to approximately $6,000. It appears from the record, however, that several of the trips made by such officers were for personal reasons other than the Warner Bros, litigation and, although plaintiff attempted to allocate such expenses between the California litigation and personal matters of its officers, in the opinion of the court, it failed to do so fairly or properly. Accordingly, of the $5,854.93 allocated by plaintiff to the expense of its officers in connection with the California lawsuit, $1,500 thereof is disallowed as proper expenses for which it is entitled to reimbursement from defendant.
Likewise, plaintiff’s expenses incurred for one Zissu, counsel for Dashiell Hammett, may not be deemed a necessary and proper disbursement for which it is entitled to reimbursement from defendant. As above noted, Zissu appeared in the Cali *344 fornia litigation on behalf of the author of the ‘ ‘ Adventures of Sam Spade ” who was one of the named defendants in the Warner Bros, action. Although Zissu testified that he went to California at the request of plaintiff’s president, who paid his expenses, it conclusively appears from the record that he attended the California trial to protect the interests of Dashiell Hammett and, indirectly only, protected the interests of plaintiff.
Contrary to plaintiff’s contention, nothing adduced upon the trial of the instant action warrants the conclusion that the expenses incurred by it on account of Zissu’s appearance in California were separate and apart from his representation there of his client, Dashiell Hammett. Accordingly, in addition to the $1,500 heretofore disallowed, $2,091.93 is disallowed as representing the sum allocable to plaintiff’s expenses for Zissu for which it is not entitled to reimbursement here. Plaintiff’s total claim in the instant action of $7,946.86, therefore, is allowed only to the extent of $4,354.93.
By way of counterclaim, defendant has alleged that certain of the issues in the Warner Bros, litigation, particularly those involving unfair competition and injunctive relief, constituted “ uninsured ” items which it was not obligated to defend under the provisions of the policy issued to plaintiff. An analysis of the complaint in the Warner Bros, action, however, indicates that the gravamen of this lawsuit concerned alleged copyright infringement for which defendant had specifically insured plaintiff. The mere fact that Warner Bros, also sought injunctive relief in addition to damages for copyright infringement obviously did not and could not alter the nature of the claims made by Warner Bros. Defendant’s legal obligation under its policy to defend plaintiff from such claims, therefore, is clear and unambiguous. Contrary to defendant’s contention, no additional or different legal services were required or rendered by its California counsel in behalf of plaintiff as a result of the Warner Bros, alleged ‘ ‘ uninsured ’ ’ claim of unfair competition and the prayer for injunctive relief. Defendant’s California counsel merely provided the same services which it was under a duty to furnish plaintiff by virtue of defendant’s policy. It necessarily follows, therefore, that defendant is not now entitled to any of the compensation it seeks here by way of counterclaim (Keller v. American Chain Co., 255 N. Y. 94, 98, 100; Arend v. Smith, 151 N. Y. 502, 504; Vanderbilt v. Schreyer, 91 N. Y. 392, 400). In any event, it is to be noted that judgment in the California action was rendered against Warner Bros. Thus, the issue at the California trial was solely one of liability for copyright infringement. Had Warner Bros, prevailed in this aspect *345 of the litigation, it would then have been necessary for counsel to proceed with the defense of the claims of unfair competition and the prayer for injunctive relief. These questions, however, became academic as a result of the court’s decision and there never arose a need for any additional legal services by counsel with respect to these purported “ uninsured ” claims.
Judgment, accordingly, is rendered in favor of plaintiff against defendant for $4,354.93 with interest thereon from October 9, 1952. Judgment, likewise, is rendered in favor of plaintiff against defendant dismissing the counterclaim upon the merits.