16-3225-cv(L)
*Uvino v. Harleysville Worchester Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH UVINO, WENDY UVINO,
                *Plaintiffs-Appellants-Cross-Appellees*,

                        v.                                          16-3225-cv(L)
                                                                    16-3356-cv(XAP)

HARLEYSVILLE WORCESTER INSURANCE
COMPANY, DBA Nationwide Mutual Insurance
Company, HARLEYSVILLE INSURANCE COMPANY,
DBA Nationwide Mutual Insurance Company,
                *Defendants-Third-Party-Plaintiffs-*
                *Appellees-Cross-Appellants*,

J. BARROWS, INC.,
                *Third-Party-Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS-
CROSS-APPELLEES:

WILLIAM F. DAHILL (Mara R. Lieber, *on the brief*), Wollmuth Maher & Deutsch LLP, New York, New York.

FOR DEFENDANTS-THIRD-PARTY-
PLAINTIFFS-APPELLEES-CROSS-
APPELLANTS:

LANCE J. KALIK (Margriet A. Schaberg, *on the brief*), Riker Danzig Scherer Hyland & Perretti LLP, Morristown, New Jersey.

Appeal and cross appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the cross-appeal is **DISMISSED** as moot.

Plaintiffs-appellants-cross-appellees Joseph and Wendy Uvino (the "Uvinos") appeal an August 22, 2016 judgment of the district court, entered pursuant to an August 18, 2016 memorandum and order granting summary judgment in favor of defendant-third-party-plaintiff-appellee-cross-appellant Harleysville Worcester Insurance Company ("Harleysville") on grounds that the Uvinos could not show that any portion of a damages award that they secured against J. Barrows, Inc. ("JBI"), Harleysville's insured, was covered by a general commercial liability insurance policy that Harleysville issued to JBI (the "Policy").[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[1] Harleysville cross-appeals, arguing in the alternative that the district court erred in holding that some of the damages alleged by the Uvinos could be, in theory, covered by the Policy. In light of our disposition below, we dismiss the cross-appeal as moot.

# BACKGROUND

In November 2005, the Uvinos hired JBI as a construction manager to oversee the building of their home in East Hampton, New York. The Construction Management Agreement ("CMA") governing their relationship provided that JBI would coordinate with the Uvinos, *inter alia*, to develop the scope, budget, and schedule for the project, maintain the construction schedule, procure permits, inspections, insurance certificates from subcontractors, and necessary approvals, and "provide Project Administration and Management Services in consultation with" the Uvinos. App. 318. The CMA further provided, however, that "[i]t is understood that [JBI] is the agent for the [Uvinos] who [are] the General Contractor for the Project," App. 320, and that the Uvinos retained the right to "enter into contracts individually with each trade contractor and material supplier," App. 318.

The project did not go smoothly and the Uvinos eventually fired JBI. In December 2007, JBI sued the Uvinos in state court (the "Underlying Action") to collect unpaid fees under the CMA and the Uvinos counter-claimed, alleging that JBI breached the CMA and negligently damaged the East Hampton property by performing certain work outside the scope of the CMA without authorization, for example, by adjusting the house's roof to accommodate a poorly designed architectural feature (which caused additional damage to the house due to leaking) and interfering with the work of subcontractors tasked with wall framing and exterior siding (which required

remediation). In 2009, the lawsuit was removed to the United States District Court for the Eastern District of New York in connection with the Uvinos' filing for bankruptcy protection. Harleysville agreed to provide JBI with a defense of the Underlying Action under a reservation of rights.

Before trial, Harleysville moved to intervene in the Underlying Action, seeking the submission of "special interrogatories to the jury to allocate between those damages related to the repair and replacement of [JBI's] faulty work," which Harleysville contended were not covered by the Policy, "versus damages to other property," which could be covered. S. App. at 5-6 (quoting Harleysville's motion). In response, JBI, through independent counsel, opposed Harleysville's motion to intervene, and cross-moved on conflict of interest grounds to disqualify the counsel provided it by Harleysville. The Uvinos took no position on either motion. JBI's motion was granted and Harleysville's motion was denied, although Harleysville reserved its right to contest coverage in a later proceeding.

A jury trial commenced in March 2012. The Uvinos presented numerous documents purporting to show that they sustained over $1.1 million in damages on account of JBI's conduct, comprised of $410,400.74 for improper change orders, $434,027.25 for consequential damages, and $336,840 in compensatory damages. Those amounts were further broken down in exhibits submitted to the jury. On March 16, 2012, the jury awarded the Uvinos $317,840 in general damages and $83,788 in

consequential damages against JBI, which verdict was reduced to a judgment on April 17, 2013.

The Uvinos commenced this action on June 11, 2013, seeking declaratory relief that the general and consequential damages awarded by the jury in the Underlying Action (plus the prejudgment interest awarded in the judgment) were covered by the Policy. On June 6, 2014, the Uvinos moved for summary judgment and Harleysville cross-moved for summary judgment on July 8, 2014.

On March 4, 2015, the district court granted partial summary judgment in favor of the Uvinos on the issue "whether any of the claims submitted to the jury in the [Underlying Action] may fall under" the Policy. *Uvino v. Harlesville Worcester Ins. Co.*, No. 13 Civ. 4004, 2015 WL 925940, at *1 n.1 (S.D.N.Y. Mar. 4, 2015). The district court held that the Policy is a general commercial liability insurance policy and that such policies do not cover a contractor's defective work. Rather, "coverage exists only where the contractor's defective work causes harm to others or others' work" or other property. *Id*. at *5. Furthermore, the district court reasoned that JBI's "work," as that term is defined in the Policy, was that work contemplated by the CMA. *Id.* at *6. Accordingly, the district court concluded that, insofar as the Uvinos sought damages in the Underlying Action attributable to the work that JBI performed *ultra vires* to the CMA, for example, the unauthorized roof work, such damages were arguably covered under the Policy. *Id.* at *7.

Nonetheless, the district court subsequently granted summary judgment in favor of Harleysville because the Uvinos had "simply not presented . . . an intelligible method of separating those damages awarded to them by the jury that the Harleysville policy covers and those that it does not." S. App. 31-32. This appeal and cross-appeal followed.

## DISCUSSION

We review *de novo* the district court's summary judgment ruling, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the [Policy] de novo.'" *U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016) (quoting *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012)). Here, the Policy is governed by New York law.[2]

New York courts interpret insurance policies according to principles of contract law, giving policy language its "plain and ordinary meaning" and construing ambiguities in favor of the insured. *Selective Ins. Co. of Am. v. Cty. of Rensselaer*, 26

---

[2] The parties agree that New York law governs the construction and interpretation of the Policy.

N.Y.3d 649, 655 (2016). Under New York law, the insured bears the burden both of establishing coverage under a policy and identifying covered damages in a jury verdict. *See Jakobson Shipyard, Inc. v. Aetna Cas. & Sur. Co.*, 961 F.2d 387, 389 (2d Cir. 1992); *Bogardus v. U.S. Fidelity & Guar. Co.*, 58 N.Y.S.2d 217, 223 (4th Dep't 1945).

On appeal, the Uvinos do not challenge the district court's construction of the Policy's coverage provisions or exclusions. Instead, they principally argue that the district court erred in placing the burden on them to prove what portion of the jury verdict in the Underlying Action represented covered damages. The Uvinos assert that Harleysville failed to discharge its duty to advise JBI of its interest, as the insured, in utilizing special interrogatories in the Underlying Action to allocate between covered and non-covered damages. Harleysville's failure in this regard, the Uvinos argue, shifted the burden to it to prove that none of the damages awarded in the Underlying Action were covered by the Policy.

We are not persuaded. The Uvinos cite no case applying New York law in which an insurer incurred a burden to disprove coverage by virtue of its failure to advise its insured of the insured's interest in utilizing special interrogatories to allocate between covered and non-covered damages. To the extent the Uvinos have cited cases applying the substantive law of other states wherein the burden was so shifted to the insurer to disprove coverage, *see, e.g., Duke v. Hoch*, 468 F.2d 973, 983-84 (5th Cir. 1972) (applying Florida law); *Buckley v. Orem*, 730 P.2d 1037, 1042-43 (Idaho 1986) (applying

Idaho law), the reasoning of these decisions does not apply here because (1) Harleysville made clear in its motion to intervene in the Underlying Action that it believed most, if not all, of the damages claimed by the Uvinos were not covered by the Policy; (2) JBI, with the assistance of independent counsel, objected to the use of special interrogatories to allocate damages, which objection was sustained; (3) the Uvinos took no position on Harleysville's motion to intervene; (4) Harleysville reserved its right in the Underlying Action to contest coverage in a subsequent proceeding; and (5) the Uvinos had ample opportunity to present evidence distinguishing between covered and non-covered damages, both in the Underlying Action and in opposing Harleysville's motion for summary judgment in the district court. Therefore, the Uvinos and JBI were fully aware of the allocation issue, and there was no reason to shift the burden from the Uvinos to show which portions of the damages award in the Underlying Policy were covered by the Policy. *See Bogardus*, 58 N.Y.S.2d at 223.

The Uvinos failed to meet their burden below and, on appeal, have offered us no reason to think they could do so in a subsequent allocation trial. As noted, in the Underlying Action, the Uvinos asked the jury to award them over $1.1 million in damages from JBI and presented numerous documents purporting to show how they arrived at that figure. Yet, the jury awarded just $317,840 in general damages and $83,788 in consequential damages. As the district court observed, these amounts do not correspond with any of the figures that the Uvinos submitted into evidence, the Uvinos

have not suggested an alternative method of allocating the verdict, and their theory of allocating damages rests on "pure speculation and conjecture." S. App. 30. Accordingly, we conclude that Harleysville was entitled to summary judgment because the Uvinos have failed to adduce evidence from which a reasonable factfinder could conclude which, if any, of the damages awarded by the jury in the Underlying Action were covered by the Policy.

We have reviewed the Uvinos' remaining arguments and conclude they are without merit. Accordingly, the district court's judgment is **AFFIRMED** and the cross-appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk