BYRON C. CLARK, Plaintiff, *v.* GLOBE INDEMNITY COMPANY, Defendant.

Supreme Court, St. Lawrence County, March 6, 1933.

*Allan L. Gurley,* for the plaintiff.

*McCurn & Farnham,* for the defendant.

HEFFERNAN, J. This is a motion by plaintiff for summary judgment. The facts are somewhat unusual.

On June 11, 1930, defendant issued to one John Fleming a policy of insurance upon a Chrysler car owned by him. This policy limited defendant's liability to $5,000 on account of bodily injuries to one person and not more than $10,000 as a result of one accident by reason of Fleming's negligence.

On June 15, 1930, plaintiff and his wife, Gertrude H. Clark, were injured in a collision between a car owned by the latter and driven by plaintiff and a car owned by Fleming and operated by one Vail. Thereafter plaintiff and his wife instituted actions to recover damages against Fleming and others by reason of Fleming's negligence arising out of the collision. In his complaint plaintiff alleged two causes of action, one for his own personal injuries and one for the loss of his wife's services and the expenses in connection with her treatment and care. The causes were tried together at the St. Lawrence Trial Term in January, 1931. Plaintiff's wife obtained a verdict against defendants for the sum of $8,649.01. The jury rendered a verdict in favor of the plaintiff for the sum of $2,000. Executions were issued on these judgments which were subsequently returned wholly unsatisfied. The defendant under its policy paid to Mrs. Clark the sum of $5,000 in full of its liability by reason of her bodily injuries and in addition thereto the sum of $150 because of the damages to her car together with interest thereon and the costs of the action. No part of the judgment in favor of the plaintiff has been paid and this action was instituted to recover the full amount. On the trial of these actions counsel for defendants requested the court to direct the jury to bring in separate verdicts upon each of the causes of action contained in plaintiff's complaint. This request was denied and defendants duly excepted. Defendants failed to take an appeal from this ruling and their time to do so has now expired.

It has been definitely determined that a husband's cause of action for loss of his wife's services is not an action for bodily injuries. (*Brustein* v. *New Amsterdam Casualty Company,* 255

N. Y. 137.) The injuries which plaintiff received in the automobile collision were serious and amply justified the verdict in his favor for $2,000 on that cause of action alone. The plaintiff's claim for the loss of his wife's services and for medical expenses incurred in treating her injuries necessarily arose out of the bodily injuries to her. These claims have nothing whatever to do with any bodily injuries sustained by plaintiff. Defendant did not insure Fleming against a judgment obtained against him in an action for loss of a wife's services. Defendant's position now is that plaintiff's recovery must be limited to such an amount of the verdict as he can establish to have been rendered by reason of and as compensation for his bodily injuries. It is undoubtedly true that if the court had directed separate verdicts in the husband's action much confusion would now be avoided. However, plaintiff's action was against Fleming and the other defendants. Nothing appears in the evidence regarding insurance. Where a judgment is rendered against an individual on separate causes of action it makes no difference whether separate verdicts are rendered or a general verdict is rendered. In any event the individual defendant must pay the judgment if he is solvent and whether that judgment is based on a general or a special verdict in nowise affects his liability. If that proposition is correct as to Fleming the same argument is applicable to defendant. It is not entitled to any greater right upon a trial than the defendant Fleming. At the trial Fleming was the nominal and not the real defendant. He was represented by defendant's present counsel. If they felt aggrieved they should have reviewed the ruling of the trial court in denying the motion for separate verdicts. Having failed to review that ruling defendant should not now be heard to complain of its incorrectness. The court cannot now examine the evidence on a previous trial and from that proof determine the amount which the jury might have awarded plaintiff as damage for his own bodily injuries. Such a course would involve only speculation, surmise and guess. The burden is on defendant to show that plaintiff's judgment includes items for which it is not legally liable. This it has failed to do.

Plaintiff's motion for summary judgment is, therefore, granted, with costs.