129 So.2d 689 (1961)
UNIVERSAL UNDERWRITERS INSURANCE CORP., a Missouri Corporation, Appellant,
v.
William H. REYNOLDS et al., Appellees.
No. 1875.
District Court of Appeal of Florida. Second District.
March 31, 1961.
Rehearing Denied May 26, 1961.
Charles H. Damsel, Jr., of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Jos. D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellees.
SHANNON, Judge.
The appellant, garnishee-defendant below, has appealed from a summary judgment entered in favor of William H. Reynolds, garnisher-plaintiff.
It appears from the record that Barbara Patterson McCoy was insured by the Universal Underwriters Insurance Corp., and that the policy insured against loss from liability for bodily injuries arising out of the operation and ownership of her automobile. The limits of coverage were $10,000 for bodily injuries to any one person; $20,000 for bodily injuries from any one *690 accident, and $5,000 for property damage from any one accident.
Barbara Patterson McCoy was involved in an accident in which the plaintiff, his wife and their minor son were injured, and subsequently, judgments were rendered against Barbara Patterson McCoy in amounts as follows: for Inge S. Reynolds  $9,837.65; for William H.E. Reynolds, the minor son  $10; and for William H. Reynolds  $2,320.63. After the judgments had been entered, the insurer offered the Reynolds $10,406.17. This amount was computed by paying the policy limit of $10,000 on Inge S. Reynolds, plus the $10 for the minor son, plus stipulated property damages of $70.63 and costs and interest. The insurer declined liability on the jury's verdict of $2,320.63 for William H. Reynolds, taking the position that the jury had arrived at this figure by commingling William H. Reynold's bodily injuries and his consequential damages which resulted from the injuries to his wife and to his minor son.
When the plaintiffs refused to accept the insurer's offer of $10,406.17, the company deposited this amount in the Registry of the Court. William H. Reynolds then instituted garnishment proceedings against the insurer for his verdict, and the insurance company filed an answer setting forth that it had sent its deposit to the Registry of the Court and stating that it owed Reynolds nothing. There was a traverse of the answer, followed by motions for summary judgment by both parties. The court granted summary final judgment to the appellees and in effect held that the insurer was liable to pay the sum of $2,320.63 to appellee.
There is no question that William H. Reynolds has a valid judgment for $2,320.63. This being a garnishment proceeding, the lower court was concerned with whether or not the company, under its policy with the insured, was liable for that judgment. The matter comes to us in the form of two questions, namely:
1) Where a writ of garnishment was served on a garnishee, and where the garnishee's answer was traversed by the plaintiff, did the lower court err in holding the burden of proof was upon the garnishee?
2) Did the lower court err in granting plaintiff's motion for summary judgment and in entering final judgment thereon against the garnishee?
In the case of New Amsterdam Casualty Co. v. Hart, 153 Fla. 840, 16 So.2d 118, 150 A.L.R. 1150, the Supreme Court established the principle that consequential damages, suffered by a husband as a result of injuries to his wife, are a part of the wife's bodily injuries for the purpose of determining the insurer's liability. In that case the wife alone was injured in the accident and the verdict for her injuries exhausted the defendant's coverage for one person injured in an accident. The court held that the husband's consequential damages did not alter the fact that only one person received bodily injuries in the accident, saying at page 119 of 16 So.2d:
"Succinctly stated, the contention of New Amsterdam Casualty Company is that where, as in this case, bodily injury has been sustained by only one person caused by accident arising out of the ownership, maintenance, or use of the automobile insured the limit of the company's liability under its policy here in controversy is $5000 for all damages, whether direct or consequential, arising as a result of the bodily injury; and this without regard to whether the damages recoverable are comprehended within one, or several, judgments.
"We are of opinion that this contention is correct. Giving the limitation clauses in the policy their natural meaning it is manifestly clear that while damages not to exceed $10,000 may be recoverable where several persons receive bodily injury as the result of one accident, the limit of the company's liability for all damages susstained *691 where only one person receives bodily injury  whether the damages are direct or consequential in their nature  is only $5000. * * *"
In the case at bar, the verdict for the wife's personal injuries essentially exhausted the limits of this policy for injuries to one person. Therefore, the insurer could not be liable for that portion of William H. Reynolds' verdict which is attributable to his consequential damages, since under the case of New Amsterdam Casualty Co. v. Hart, supra, these must be computed with the bodily injuries of the wife. However, the insurer is liable for that portion of the verdict which is attributable to the bodily injuries received by William H. Reynolds from the accident, and the limits of coverage in this respect have not been reached.
William H. Reynolds proved both consequential damages and bodily injuries to himself. The jury returned a verdict of $2,320.63 in his favor, but without distinguishing between these two types of damage. Thus, the question narrows to the determination of what part of the $2,320.63 is for consequential damages and what part is for bodily injuries.
From the record it is impossible to determine the particular amount that happened to be in the jury's mind as it returned the verdict with one figure therein. In the instant proceedings issue was reached by a sworn denial of the garnishee and a traverse by the garnisher. There was no evidence or proof of any kind as to how the jury's verdict should be divided, and it necessarily follows that the party having the burden of proof on this matter has not met its burden. If the burden of proof is placed upon the garnishee, this automatically makes the decision in favor of the garnisher; whereas, if the burden is on the garnisher, the decision automatically goes to the garnishee.
A similar situation arose in New York in the case of Clark v. Globe Indemnity Co., 146 Misc. 697, 262 N.Y.S. 658, reversed 240 App.Div. 916, 268 N.Y.S. 509, affirmed 266 N.Y. 478, 195 N.E. 162. On the same question as presented in the case at bar, the trial court ruled that the burden of proof was upon the insurer. This was reversed on appeal, and subsequently, the Court of Appeals entered rule absolute in favor of the insurance company.
The decision of Clark v. Globe Indemnity Co., supra, is illustrative of the majority rule in the United States, that where a judgment includes elements for which an insurer is liable and also elements beyond the coverage of the policy, the burden of apportioning these damages is on the party seeking to recover from the insurer. See e.g. Morris v. Western States Mutual Auto Ins. Co., 7 Cir., 1959, 268 F.2d 790; General Accident, Fire and Life Assurance Corp. v. Clark, 9 Cir., 1929, 34 F.2d 833; Yancey v. Utilities Ins. Co., 23 Tenn. App. 663, 137 S.W.2d 318. That it is impossible for the plaintiff to do so in the case at bar does not change the basic predicament in which he finds himself.
The appellee's position is that the burden is on the insurer to prove an exception in the policy as to the cause of loss, and he has restated this question as follows:
"In a garnishment action against an insurance company, does the insurance company have the burden of pleading and proving that a loss arose from a cause that is excepted from the policy or in respect to which it limits its liability?"
This is partially correct, but the difficulty in this position is that the complete premises are not stated. The true question is not whether the loss arose from a cause excepted in the policy but rather who must bear the burden of proof. The garnisher has a judgment of $2,320.63. For the purposes of the insurer's liability, a portion of this is attributable to the wife's judgment. It falls upon the garnisher to show how much of his judgment comes within the protection afforded him by this policy as a person injured in the accident.
*692 We hold that the order of the trial judge is in error and this case must be reversed for the purpose of vacating the summary judgment for William H. Reynolds and entering a summary judgment for Universal Underwriters Insurance Corp., in accordance with this decision.
Reversed.
KANNER, Acting C.J., and FUSSELL, CARROLL W., Associate Judge, concur.