370 So.2d 1149 (1978)
AETNA INSURANCE COMPANY and Insurance Company of the State of Pennsylvania, Appellants,
v.
WACO SCAFFOLD & SHORING COMPANY, INC., Etc., et al., Appellees.
No. 76-2299.
District Court of Appeal of Florida, Fourth District.
August 16, 1978.
*1150 Larry Sands of Larry Sands, P.A., Daytona Beach, for appellants.
Leonard N. D'Aiuto of D'Aiuto, Walker & Buckmaster, Orlando, for appellee  Waco.
DOWNEY, Chief Judge.
This case involves a claim by one insurance carrier against two other carriers for contribution arising out of a judgment for damages. Waco Scaffold and Shoring Company, Inc., for the use and benefit of Waco's excess carrier, Lloyds of London, sued Aetna Insurance Company and Insurance Company of the State of Pennsylvania to require contribution from them toward the payment of a judgment obtained against Waco. From a final judgment finding that appellee Waco was entitled to contribution, the appellant insurance carriers have appealed.
An understanding of the factual background is essential to a resolution of the issue between the parties. From a stipulation of facts presented to the trial court it appears that in 1968 American Pecco Corporation (Pecco) sold all of its shoring and beam assets, including literature pertaining to their use, to Waco Scaffold and Shoring Company (Waco). As part of the transaction Pecco provided products liability insurance coverage for Waco by having Waco added to Pecco's existing products liability policy as an additional insured as a vendor. This primary coverage was written by Aetna Insurance Company with Insurance Company of Pennsylvania (Pennsylvania) writing the excess coverage.
Following acquisition of these products from Pecco, Waco delivered certain shoring, beams and layout plans to McDonough Construction Company (McDonough) under a rental contract. McDonough was using the Pecco products to form a shoring structure to receive a concrete pour for an 8 inch slab roof on a Sears store that McDonough was constructing in Melbourne, Florida. On or about March 28, 1968, during one of the stages of pouring this roof, the shoring and beams collapsed causing one of McDonough's employees, Juliana R. Mason, to sustain severe and crippling injuries. As a result of this accident, a complaint was filed by Mason against Waco, Pecco and others, alleging alternative or concurrent acts on the part of Waco and the other defendants, charging that through either negligence or breach of implied warranties of its product Mason sustained injuries and damages. Waco's initial defense was provided by another insurance carrier, Aetna Life and Casualty Company (Aetna Life), which provided primary coverage for all claims being asserted by Mason against Waco up to $100,000. Lloyds of London provided excess coverage for Waco in the sum of $1,000,000.
Pecco was also sued by Mason and was being defended by counsel provided by Aetna Insurance Company. During pre-trial preparation, Waco, through counsel provided by Aetna Life, made demands upon Aetna Insurance Company and Pennsylvania to acknowledge coverage and provide a defense to Waco based upon the certificate of insurance adding Waco as an additional insured under the Aetna Insurance Company policy issued to Pecco.
Counsel for Waco, with authority from Waco and Aetna Life, agreed to defend the products claim on behalf of Aetna Insurance Company and Pennsylvania and did so through trial and verdict. During the course of the trial evidence was submitted against both Waco and Pecco on theories of negligence and breach of implied warranties of the product, and the jury was duly instructed upon those theories of liability. The trial judge refused all defense requests for special verdict findings on the theories presented and a general verdict was returned in favor of Pecco and against Waco for $1,000,000. Following the rendition of this general verdict, Aetna Insurance Company, through its attorney representing *1151 Pecco, discharged counsel retained to defend Waco on its behalf, and denied coverage for payment of any part of the judgment to be rendered against Waco and any obligation for additional cost of the defense to be incurred in connection with post-trial motions or appeals. Judgment ultimately was rendered against Waco for $1,000,000, and plaintiff's costs were taxed against Waco in the sum of $21,103.74. Waco unsuccessfully sought review in both the Fourth District Court of Appeal and the Supreme Court of Florida. The final judgment plus interest and costs was paid in full on behalf of Waco by Aetna Life and Casualty Company making a payment of $141,732.77, and by Lloyds of London making a payment of $1,085,661.19. In the case at bar the trial court entered a final judgment finding among other things that 1) appellants Aetna Insurance Company and Pennsylvania acknowledged coverage for part, but not all, of the liability alleged in Mason's complaint, 2) the general verdict against Waco did not indicate the basis upon which the jury found liability against Waco, 3) coverage was afforded for bodily injury arising out of the named insured's products, so that it was the condition of the goods that determined coverage and not the theory upon which recovery might have been sought (citing Sears Roebuck & Company v. Travelers Insurance Company, 261 F.2d 774 (7th Cir.1958), 4) Count II alleged negligence by Waco in manufacturing and furnishing plans and specifications and directions when it should have known the weight of the concrete would cause the shoring to give way and injure Mason, 5) since some of the claims were admittedly covered by appellants' policy, the appellants were required to defend the insured against claims not covered and to pay any judgment against the insured until such time as the claims against the insured were limited to those not covered by the policy (citing Sears, supra, and Lee v. Aetna Casualty & Surety Company, 178 F.2d 750 (2nd Cir.1949)), 6) the burden of proving that some or all of the claims upon which the verdict was based were not within the coverage of the policy was upon the appellants and that they failed to carry that burden.
In view of those findings and holdings the trial court held the appellants were liable to appellee for contribution to the extent of 1/2 of the judgment which Mason obtained against Waco. It is this judgment which is being appealed.
Appellants admit that they afforded coverage to Waco under their products liability coverage as a vendor of Pecco's products, but they contend that this coverage does not extend to the independent negligence of Waco. Appellants point to the Mason complaint which they concede alleged in Count I a cause of action covered by their policies for defects in the Pecco products which Waco furnished to McDonough. Count II, however, alleged a cause of action against Waco solely for Waco's negligence. In view of those allegations of the complaint, appellants admit they had an obligation, which they fulfilled, to defend the entire case. On the other hand, appellants maintain that, based upon the evidence adduced at trial, the issues presented to the jury and the verdict returned, it is clear that the wrong for which Waco was found liable was not covered by appellants' policies.
We find appellants' arguments persuasive. First, it is evident that Mason charged Waco with some theories of liability which were covered by appellants' policies and some theories of liability which were not covered thereby. Hence, based upon those allegations of Mason's complaint, appellants were obligated to defend Waco. Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1976). However, the fact that appellants had a duty to defend under these circumstances does not necessarily mean that they were obligated to pay any judgment recovered. That question is determined by the facts established at trial. As the court stated in Stevens, supra:
"The first issue to be determined is whether USF&G had a duty to defend plaintiff's second amended complaint on behalf of the union and the individual members. On this issue, Florida law is clear that an insurer's duty to defend an action against its insured by a third person is determined by the allegations of *1152 the complaint... . Moreover, where only portions of a complaint fall within the coverage of the insurance policy and other portions fall outside the policy, the insurer has a duty to defend the entire suit....
* * * * * *
"The Court having found that USF&G had a duty to defend the union, it does not necessarily follow that it has a duty to indemnify. While the duty to defend turns on the allegations of the complaint, the duty to indemnify is based upon the facts established at trial, and the possible application of any exclusionary clauses contained in the insurance agreement." (Citations omitted.) (Emphasis supplied.) 325 So.2d at 461, 462.
In the Mason trial the court submitted issues to the jury, supported by evidence, which would have justified a verdict against both Pecco and Waco based upon either Count I or Count II; the jury found for Pecco and against Waco. Thus, it must be concluded that on the issues arising out of Count I and any direct negligence charged against Pecco in Count II the jury found for Pecco. The elimination of any liability of Pecco leaves only Waco's independent negligence charged in Count II as a basis for the jury verdict against Waco. To conclude that Waco was found solely liable on any other claim contained in Counts I and II would render the verdict inconsistent because, except for the claim based upon Waco's independent negligence, Pecco would be equally liable but the jury found Pecco was not liable.
We find that the coverage afforded Waco by the appellants did not include coverage for any independent negligence of Waco. The foregoing being true, the liability found against Waco was not within the coverage provided by appellants.
There is another theory upon which appellee's claim for contribution must fail. Even if one could not deduce the theory of liability which inheres in the verdict, it would still be incumbent upon the party claiming coverage in this suit to prove that the basis of liability was an exposure covered by the insurer's policy. As the court stated in Universal Underwriters Insurance Corp. v. Reynolds, 129 So.2d 689, 691 (Fla. 2nd DCA 1961):
"The decision of Clark vs. Globe Indemnity Co., supra, is illustrative of the majority rule in the United States, that where a judgment includes elements for which an insurer is liable and also elements beyond the coverage of the policy, the burden of apportioning these damages is on the party seeking to recover from the insurer... . That it is impossible for the plaintiff to do so in the case at bar does not change the basic predicament in which he finds himself."[1] (Citations omitted.)
Here, appellee sued Aetna Insurance Company and Pennsylvania alleging that they provided coverage for the Mason claim and thus must contribute to payment of the Mason judgment. Regardless of the fact that under the Mason complaint appellants were required to defend the suit, the burden of proving the allegations regarding coverage is upon appellee and appellee failed to prove that appellants' policies covered the liability upon which the verdict and judgment were founded.
For the foregoing reasons the appellee was not entitled to contribution from the appellants and accordingly, we reverse the judgment appealed from and remand the cause with directions to enter judgment for appellants.
REVERSED AND REMANDED with directions.
LETTS and BERANEK, JJ. concur.
NOTES
[1] Arjen Motor Hotel Corporation v. General Accident Fire & Life Assurance Corporation, Ltd., 379 F.2d 265 (5th Cir.1967); Morris v. Western States Mutual Automobile Insurance Company, 268 F.2d 790 (7th Cir.1959); Bogardus v. United States Fidelity & Guaranty Co., 269 App.Div. 615, 58 N.Y.S.2d 217 (S.Ct. 1945).