369 So.2d 614 (1979)
Wayne Walter MORRISON et al., Plaintiffs,
v.
James HUGGER et al., Defendants.
No. 77-2096.
District Court of Appeal of Florida, Second District.
February 28, 1979.
Rehearing Denied April 12, 1979.
Michael Foster of Wagner, Cunningham, Vaughan & Genders, Tampa, for plaintiffs.
Edward M. Waller, Jr. of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for defendants.
HOBSON, Acting Chief Judge.
Plaintiff, Wayne Walter Morrison, as Administrator of the Estate of Kathleen B. Morrison, deceased, filed this action seeking to recover damages for the alleged wrongful death of his mother, Kathleen B. Morrison. The decedent was killed in an accident in Hillsborough County, Florida, on April 12, 1971, when her automobile was struck by a bus owned by defendant Wright Fruit Company, Inc. and driven by its employee James Hugger. The plaintiff brought this action against Hugger, Wright Fruit Company, Inc. and its insurer Florida Farm Bureau Insurance Company. At the trial of the cause, uncontroverted evidence was introduced that at the time of the accident Hugger was intoxicated and did not stop the bus in time to avoid running a red light and crashing into the decedent's car. In addition, there was evidence submitted to the jury that the brakes on the bus may not have been working at the time of the accident and that prior to the accident Mr. Wright, the President and owner of Wright Fruit Company, was advised of problems with the brakes on the bus. Nevertheless, he instructed Hugger to use the bus during the weekend, when the accident happened, and have them repaired the following week. There was also evidence of cans of brake fluid found in the bus after the accident.
The plaintiff sought compensatory and punitive damages against Hugger and Wright Fruit Company. The jury was instructed, pursuant to the Standard Florida Jury Instructions, on compensatory damages. In addition, the jury was instructed that Wright Fruit Company was responsible for any acts of its employee while acting within the scope and course of his employment and also was instructed that if any defendant found to be liable to the plaintiff acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others, the jury might in its discretion assess punitive damages against such defendant as punishment and as a deterrent to others. The jury was also instructed that it might assess punitive damages against one defendant and not the other or against more than one defendant in different amounts.
*615 After deliberating, the jury awarded the plaintiff $40,000 in compensatory damages against Hugger and Wright Fruit Company, $40,000 in punitive damages against Wright Fruit Company and $5,000 in punitive damages against Hugger.
The court entered final judgment in accordance with the jury verdicts and, initially, entered a final judgment in the amount of $40,000 against Wright Fruit Company, Inc. and Florida Farm Bureau Insurance Company for punitive damages. Thereafter, the court entered an order vacating the judgment insofar as it purported to award punitive damages against Florida Farm Bureau Insurance Company.
In addition, in its order granting motion to vacate, the court ordered the parties to file whatever pleadings they deemed necessary in order to raise the question of insurance coverage of punitive damages so that the court might decide that issue. Pursuant to the court's order, the insurance company filed its Post Trial Crossclaim and Counterclaim and Action for Declaratory Relief. Also pursuant to the court's order, the plaintiff filed a Writ of Garnishment to be served upon the insurance company and an affidavit in support of the writ.
The question of insurance coverage of punitive damages in this case is dependent upon a determination of the basis upon which the jury awarded punitive damages in favor of the plaintiff and against Wright Fruit Company. If the jury's award was based upon a determination that Wright Fruit Company was vicariously liable for punitive damages as a result of the conduct of its driver/employee Hugger, then there would be insurance coverage for the punitive damages. Travelers Insurance Company v. Wilson, 261 So.2d 545 (Fla. 4th DCA 1972). On the other hand, if the jury awarded punitive damages against Wright Fruit Company because of any act of wrongdoing or misconduct on the part of the employer/owner itself, there would not be insurance coverage for the punitive damages awarded against Wright Fruit Company. Sterling Insurance Company v. Hughes, 187 So.2d 898 (Fla. 3d DCA 1966).
The reason there is no coverage under the latter circumstance is not because of an exclusion in the policy but because it has been held that to provide insurance against an intentional act is against public policy. Nicholson v. American Fire & Casualty Ins. Co., 177 So.2d 52 (Fla. 2d DCA 1965); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir.1962).
The question certified to this court is restated as follows:
UNDER THE FOREGOING FACTS, DOES THE PLAINTIFF OR THE INSURER HAVE THE BURDEN OF PROOF OF ESTABLISHING UPON WHICH OF THE ABOVE BASES THE JURY AWARDED PUNITIVE DAMAGES AGAINST THE INSURED, WRIGHT FRUIT COMPANY?
The answer to this question will be determinative of the cause, as it is virtually impossible to determine upon which of these bases the jury awarded the punitive damages against Wright Fruit Company.
We fully concur with the trial court's observation that this issue is without controlling precedent; however, we are inclined toward the view that the burden of proof was on the insurance company.
The insurance company takes the position that there is no coverage because of the fact that the punitive damages were predicated upon the conduct of the owner, insured, and therefore against public policy. Florida Rule of Civil Procedure 1.110(d) states that "a party shall set forth affirmatively ... illegality ... and any other matter constituting an avoidance ... ." It is apparent that the insurance company is attempting to avoid the payment of punitive damages as being against public policy, or, being against public policy, it would be illegal to force them to pay the punitive damages. Since either position taken by the insurance company is an affirmative defense, the burden of proof should be on the insurance company to seek to develop the facts which would demonstrate that the coverage was inapplicable. In this case it would have been a simple *616 matter to have requested a special verdict as to the basis for the punitive damages, and thereby the question would have been resolved.
The insurer's reliance on Universal Underwriters Insurance Corp. v. Reynolds, 129 So.2d 689 (Fla. 2d DCA 1961), is misplaced. In that case we held that where a judgment includes elements for which an insurer is liable and also elements beyond the coverage of the policy, the burden of apportioning these damages is on the party seeking to recover from the insurer. Here there is a version of the facts under which the insurance would be applicable to the entire judgment. In Reynolds some of the damages were admittedly outside the coverage.
Because the facts are susceptible to a version which would fully support the insurance coverage and because there is no way to tell upon which basis the jury rendered its verdict, we believe that the judgment for punitive damages must fall on the insurance company.
Having answered the certified question, we remand this cause to the trial court for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.