391 So.2d 244 (1980)
CALVERT FIRE INSURANCE COMPANY, Appellant,
v.
Stephen H. TARR, Appellee.
No. 80-638.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Rehearing Denied January 7, 1981.
McDonald & McDonald, Miami, for appellant.
Stephen H. Tarr, in pro. per.
Before HUBBART, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant, insurer of appellee's aircraft, seeks reversal of a judgment in the amount of $11,002.72 entered in favor of appellee pursuant to a non-jury trial. The judgment resulted from an action in the Circuit Court for Dade County by appellee against appellant on an "all risk" policy of insurance covering appellee's aircraft.
It is appellant's contention that the trial court erred in entering judgment for appellee because the loss did not occur under the terms of the policy of insurance and that the damage was due to deterioration which was not covered under the policy.
*245 In our review of the issues presented for decision, we have given due consideration to the applicable principle that a judgment of the trial court reaches the appellate court clothed with a presumption of correctness. The facts herein constituted a question for the trial judge sitting as a trier of the facts and were resolved adversely to the appellant. The record reveals that although the testimony is conflicting there is substantial evidence to support the judgment. Appellate courts must give effect to the findings of a trier of facts, if they rest on substantial, competent evidence and their legal effect was not misinterpreted by such trier of facts. First Atlantic National Bank v. Cobbett, 82 So.2d 870 (Fla. 1955). No reversible error having been demonstrated, the judgment appealed is affirmed.
Affirmed.