403 So.2d 1057 (1981)
Philip J. NEIMARK, Individually, Philip J. Neimark, Inc., Investments; and Philip J. Neimark, Inc., a Florida Corporation, Appellants,
v.
John H. ABRAMSON & Lani Abramson, His Wife, Appellees.
No. 80-1713.
District Court of Appeal of Florida, Third District.
September 8, 1981.
Pallot, Poppell, Goodman & Slotnick and Neil A. Shanzer and Howard Vogel, Miami, for appellants.
Freeman & Evans and Sheldon Evans, Miami, for appellees.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
FERGUSON, Judge.
Philip Neimark appeals from a final judgment awarding appellees John and Lani Abramson damages and costs in an action for breach of an investment agreement. We affirm the judgment in favor of the Abramsons, and reverse as to interest and costs.
In December, 1976, Neimark and the Abramsons entered an agreement whereby Neimark was to invest and manage a $15,000.00 fund through Abramson's existing margin account with his stockbroker. The agreement provided that the account be liquidated should it depreciate to the extent of fifteen percent. When Neimark failed *1058 to return the sum of $12,750.00 when the account depreciated by fifteen percent, the Abramsons sued. Evidence was introduced that Neimark had made purchases in excess of $26,000.00 shortly after the agreement was in effect. There was evidence that the Abramsons were aware of the additional purchases based on receipt of confirmation slips and monthly account statements. There was also evidence that the Abramsons subsequently requested an account status report from Neimark and sought enforcement of the contract terms. Acting as trier of fact, the court rejected Neimark's affirmative defenses of ratification, estoppel, failure to mitigate damages and negligence. In a final judgment the court awarded $14,766.94 damages, including pre-judgment interest, and $394.75 costs to the Abramsons.
The appellate court may not substitute its judgment for the trial court on disputed questions of fact, unless such determination was clearly erroneous. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); Holland v. Gross, 89 So.2d 255 (Fla. 1956); Calvert Fire Insurance Company v. Tarr, 391 So.2d 244 (Fla.3d DCA 1980); Singer Housing Company v. Wren, 390 So.2d 428 (Fla. 1st DCA 1980).
We find that the factual issues concerning the affirmative defenses raised by Neimark were properly submitted to the trier of fact and that the record contains sufficient evidence to support a finding in favor of the Abramsons. See, e.g., Hackett v. Reynolds & Company, 577 F.2d 948 (5th Cir.1978) (defense of ratification is question of intent for jury). Accord, Toffel v. Baugher, 111 So.2d 290 (Fla.2d DCA 1959).
We find, however, that the trial court erred in awarding prejudgment interest to the Abramsons from the date the contract was entered into rather than from the date of filing the complaint, the date that a demand for a sum found due and owing was made. See, e.g., Politis v. General Hotel and Restaurant Supply Corp., 403 So.2d 1021 (Fla.3d DCA 1981).
We also find error in awarding costs to Abramsons where there was no evidence submitted at trial or at a cost hearing as to the amount of costs incurred, and no affidavit as to costs incurred by the Abramsons was ever filed or served. Cf. Aetna Life Insurance Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978) (award of costs reduced to correspond with record evidence); City of Sunrise v. West Broward Utilities, Inc., 311 So.2d 175 (Fla. 4th DCA 1975), cert. denied, 325 So.2d 10 (Fla. 1975) (award of cost was supported by substantial competent evidence).
Affirmed in part, reversed in part, and remanded for an evidentiary hearing on costs and with instructions to fix pre-judgment interest from the date of the filing of the complaint.