407 So.2d 1032 (1981)
Adam H. JONES, Richard F. Jones, Kenrick A. Jones and Kathleen M. Jones, Cross-Defendants, Appellants,
v.
HOLIDAY INNS, INC., a Foreign Corporation, Cross-Claimant, Appellee.
No. AB-330.
District Court of Appeal of Florida, First District.
December 29, 1981.
Rehearing Denied January 18, 1982.
*1033 Robert L. Hinkle, of Hinkle & Battaglia, Tallahassee, for cross-defendants, appellants.
Julius F. Parker, Jr., of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for cross-claimant, appellee.
SHIVERS, Judge.
This is an appeal from a final judgment of contractual indemnification. We reverse.
On September 7, 1974, two unidentified men entered the Downtown Holiday Inn in Tallahassee and committed a battery upon Beverly Sapp, a hotel employee, in the women's restroom. Sapp filed a Third Amended Negligence Complaint against appellee, Holiday Inns, Inc., and appellants, the operators of the hotel. Holiday Inns filed a cross-claim, seeking indemnity from appellants based upon an addendum in the Hotel's License Agreement which provided:
The licensee [appellants] hereby agrees and covenants to hold the licensor [Holiday Inns, Inc.] harmless from, to indemnify the licensor against and to reimburse the licensor in respect of any judgments or awards of any courts whether such awards be in the form of damages, costs or otherwise which the licensor is required to pay and/or pays arising from the use of the licensee of the said service marks at the specific location under the provisions of this agreement.
*1034 On October 5, 1978, the trial court granted a summary judgment in favor of Holiday Inns on its cross-claim against appellants based upon the indemnity clause of the license agreement. The trial court also granted a summary judgment, on the basis of workers' compensation immunity, for appellants on Sapp's negligence claim against them.
Thereafter, Sapp's claim against Holiday Inns proceeded to trial by jury. Appellants did not participate in the trial. The jury returned a general verdict in favor of Sapp and against Holiday Inns for $45,000 in compensatory damages and $175,000 in punitive damages. The judgment against Holiday Inns was later affirmed by this court in Holiday Inns, Inc. v. Sapp, Case No. AB-47 (Fla. 1st DCA, November 5, 1981). The trial court also entered a judgment on the indemnity claim in favor of Holiday Inns and against appellants in the amount of $237,424.87, including compensatory and punitive damages as well as attorney's fees and costs.
We reverse the final judgment of indemnification because the indemnity provision of the license agreement did not expressly call for indemnification where the indemnitee (Holiday Inns) was at fault. Because of the disfavor in which Florida courts hold agreements to indemnify parties against their own wrongful acts, enforcement of such agreements is denied in the absence of clear and unequivocal contractual expression of such an intent; without such an expression, a contractual indemnitor's obligation is negatived by any fault of the indemnitee which was the legal cause of its own loss. Charles Poe Masonry v. Spring Lock Scaffolding Rental Equipment Company, 374 So.2d 487 (Fla. 1979). There is no doubt the indemnity provision in question did not clearly and unequivocally call for appellee's indemnification for judgments based upon its own negligence. Spring Lock, supra; Leadership Housing v. T & S Electric, 384 So.2d 733 (Fla. 4th DCA 1980); University Plaza v. Stewart, 272 So.2d 507 (Fla. 1973); Walter Taft Bradshaw & Associates, P.A. v. Bedsole N.B.C. Homes, Inc., 374 So.2d 644 (Fla. 4th DCA 1979).
It is unclear whether the liability judgment against appellee was based upon appellee's affirmative negligence or upon appellee's vicarious liability for appellants' conduct. The plaintiff, Sapp, sought to recover from appellee on an affirmative negligence theory as well as a vicarious liability theory. Although the jury was instructed on both theories, the general verdict against appellee did not indicate the basis upon which the jury found liability. However, since appellee, as the party seeking indemnification, had the burden of showing entitlement to indemnification and failed to request the use of a special verdict, the use of a general verdict should stand as a bar to indemnification. See, Aetna Insurance Company v. Waco Scaffold and Shoring Company, 370 So.2d 1149 (Fla. 4th DCA 1978), holding that the party seeking contribution has the burden of establishing whether the verdict was based upon covered or noncovered theories and where a general verdict was rendered making it impossible to deduce the theory of liability which inhered in the verdict, the party seeking contribution failed in its burden. Accord, Universal Underwriters Insurance Company v. Reynolds, 129 So.2d 689 (Fla. 2d DCA 1961).
More significant to our decision, however, is the award of punitive damages to Sapp against appellee. Punitive damages could only have been awarded against appellee on a vicarious liability theory if the jury had found appellee was at least partially at fault for Sapp's injuries. Mercury Motors v. Smith, 393 So.2d 545 (Fla. 1981). Consequently, it must be presumed that the jury found appellee was at least partially at fault for the plaintiff's injury and based upon Spring Lock, supra, appellee is not entitled to contractual indemnification.
Therefore, the final judgment of indemnification in favor of appellee is reversed.
REVERSED.
ERVIN and LARRY G. SMITH, JJ., concur.