429 So.2d 779 (1983)
KELLER INDUSTRIES, INC., a Florida Corporation, Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY of Wisconsin, Appellee.
No. 82-110.
District Court of Appeal of Florida, Third District.
April 12, 1983.
*780 Levine, Reckson, Reed & Geiger and Robert S. Geiger, Miami, for appellant.
Pyszka & Kessler, Greene & Cooper and Joan M. Bolotin, Miami, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Appeal is taken from the final judgment in a declaratory judgment action where the trial court, sitting as trier of fact, awarded appellant Keller Industries $18,540.71 in attorney's fees but denied Keller damages under the contract of insurance. We affirm the final judgment upon a holding that: (1) as the party claiming coverage, Keller had the burden, which it failed to carry, to apportion damages and show that the settlement, or portions thereof, represented costs that fell within the coverage provisions of the policy, Jones v. Holiday Inns, Inc., 407 So.2d 1032 (Fla. 1st DCA 1981), petition for rev. denied, 417 So.2d 329 (Fla. 1982); Aetna Insurance Co. v. Waco Scaffold & Shoring Co., Inc., 370 So.2d 1149 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1375 (Fla. 1979); Universal Underwriters Insurance Corp. v. Reynolds, 129 So.2d 689 (Fla. 2d DCA 1961), (2) the record on appeal contains substantial, albeit conflicting, evidence to support the trial court's finding that the sum paid by Keller to settle the underlying lawsuit was attributable to the cost of replacing and repairing defective products and workmanship, items excluded under the policy provisions, rather than expenses for personal injury or property damage resulting from the defective product, Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Neimark v. Abramson, 403 So.2d 1057 (Fla. 3d DCA 1981); Atkins v. Keller, 400 So.2d 168 (Fla. 3d DCA), petition for rev. denied, 411 So.2d 380 (Fla. 1981); see LaMarche v. Shelby Mutual Insurance Co., 390 So.2d 325 (Fla. 1980), and (3) an unjustified failure to defend does not require the insurer to pay a settlement where no coverage exists, Aetna Insurance Co. v. Waco Scaffold & Shoring Co., Inc., supra; *781 Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975).
However, as the duty to defend is more extensive than the duty to indemnify, and some allegations in the complaint arguably fell within coverage of the policy, the trial court properly granted Keller attorney's fees for the insurer's unjustified refusal to defend. Florida Farm Bureau Mutual Insurance Co. v. Rice, 393 So.2d 552 (Fla. 1st DCA 1980), petition for rev. denied, 399 So.2d 1142 (Fla. 1981); Federal Insurance Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1107 (Fla. 1980); C.A. Fielland, Inc. v. Fidelity and Casualty Company of New York, 297 So.2d 122 (Fla. 2d DCA 1974), cert. denied, 309 So.2d 6 (Fla. 1975).
Affirmed.