**GUARANTEE INSURANCE COMPANY, Plaintiff,**

v.

**GULF INSURANCE COMPANY, Defendant.**

**No. 84–2638–Civ–HASTINGS.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 20, 1986.

Mark A. Cohen, Finley, Kumble, Wagner, Heine, et al., Miami, Fla., for plaintiff.

Charles C. Papy, Jr., Papy, Poole, Weissenborn & Papy, Coral Gables, Fla., for defendant.

## FINAL SUMMARY JUDGMENT

HASTINGS, District Judge.

THIS CAUSE comes before the Court upon the parties' cross-motions for Summary Judgment. The parties have agreed that there is no genuine issue of disputed fact and the cause is properly decided by summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### UNDISPUTED FACTS

Count I of Guarantee's Complaint seeks contribution/indemnification and attorneys' fees for Guarantee's defense and payment of final judgment for its insured, Richard Marx.

Count II alleges bad faith on the part of Gulf for its failure to satisfy the above-cited judgment. The complaint derives from the following set of relevant circumstances:

(1) Richard B. Marx, an attorney, was insured for professional liability by the Defendant Gulf from January 28, 1974 to January 28, 1978 on an "occurrence" basis. That is, negligence which occurred during the above-cited dates was covered by this policy. Gulf also insured Marx from January 28, 1978 to January 28, 1980 under a "claims made" policy. That is, claims or suits made, filed and reported to Gulf during the effective dates were covered under this policy.

2. Guarantee insured Marx under a "claims made" policy from January 28, 1982 to January 28, 1983.

3. Marx was sued by former clients for professional malpractice in a lawsuit styled *Dash v. Marx*, Case No. 82–10042 CA 28 (11th Judicial Circuit, Dade County, Fla.). The allegations of that action are set forth in the Dashes' amended complaint. They sought recovery against *Marx* for—

(a) negligent preparation in 1973 of a stock option agreement, and improper valuation of the stock.

(b) negligent representation of the Dashes in the case of *Kohl v. Dash*, a shareholders' derivative action, Case No. 72–2436–Civ–Davis (S.D.Fla.) which was commenced in 1975 and amicably resolved prior to trial. Marx handled the lawsuit from October 31, 1975 until June 11, 1980, when he was discharged.

4. The malpractice suit, which is the subject matter of the instant cause was presented to the jury without specific interrogatories delineating the various acts of negligent conduct; rather a general verdict was submitted to the jury.

5. A verdict was returned finding Marx negligent.

6. The above-described malpractice suit was filed during 1982. Guarantee appointed counsel to represent Marx and represented Marx throughout the entire proceedings. During the pendency of the lawsuit Gulf paid 50% of Marx's attorneys' fees but has refused to pay any portion of the judgment or to indemnify Guarantee for its expenditures for attorneys' fees and costs in connection with its defense of *Dash v. Marx.*

### ISSUES

1. Which insurance policy provided coverage for the malpractice action against *Marx.*

2. Whether *Guarantee* may recover indemnification upon a verdict rendered upon actions some of which were outside the scope of the Gulf policy.

I

*Coverage by Guarantee*

■ Upon detailed review of the insurance policy the court finds the coverage as follows: Guarantee argues Counts 1–V of the *Dash v. Marx* complaint (negligence in the preparation of stock options and valuation of the stock) are not covered by the Guarantee policy because of SEC exclusions.

Guarantee has failed to direct the Court to any portion of the policy which would exclude coverage for Marx' negligence in regard to preparation of stock options and valuation of stock.

The only relevant portion of the policy appears to be the S.E.C. endorsement which, on its face, references Policy No. GMP–0751939 (1/28/82–1/28/83). This endorsement states:

It is understood and agreed that any claim made against the policy under S.E.C. activity defined as

(a) in relation to any security or to any activity or transactions covered or claimed to be covered in whole or in part by the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, the Investure Advisors Act of 1940 or the Public Utility Holding Act of 1935 or

(b) in relation to any purchase, sale or offering of any security to or from the public which is covered or claimed to be covered by any State Blue Sky or Securities Law,

will be subject to a $10,000 deductible for each such claim presented and all other terms and conditions of the policy, including limits of liability provisions will remain unchanged.

Logical interpretation of the policy compels the conclusion that there can be no deductible for something which is not covered. Furthermore, the S.E.C. endorsement, as an attachment to the policy, supercedes other parts of the policy. (Endorsement No. 1.(5)).

In its reply brief, Guarantee argues that none of the *Dash v. Marx* Counts alleged a cause of action under the Acts or Blue Sky Laws and therefore the other provisions of the policy remain unchanged. Guarantee then makes the startling assertion that because Guarantee has asserted that it did not cover Marx for security matters and no evidence has been adduced to the contrary, Guarantee's non-coverage for such matters must be accepted as an undisputed fact. The Court views the issue of non-coverage to be a matter of law requiring interpretation of the only competent evidence—the policy at issue.

The Court has reviewed the policy in detail, including all listed exclusions. Coverage is provided in the Guarantee policy as follows:

(1) Coverage

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as money damages because of any claim or claims just made against the insured and reported to the company during the policy period arising out of personal injury or any act or omission of the insured in rendering or failing to render professional services for others including notary public and title insurance agent services in the insured's capacity as a lawyer, and caused by the insured or any other person for whose acts or omissions the insured is legally responsible except as excluded or limited by the terms of this policy.

The policy exclusions, numbered (a)–(k) are not relevant to the negligent acts of Marx. Accordingly the Court finds that the *Guarantee* policy covered the acts complained of in the *Dash* complaint, Counts I–V.

■ Furthermore, even if no coverage existed for Counts I–V, *Guarantee* would still have been obligated to defend Marx,

since the allegations in the complaint included at least some theories of liability which were covered by the policy. *See Aetna Insurance Co. v. Waco Scaffold & Shoring Co., Inc.,* 370 So.2d 1149 (4th DCA 1978).

■ Guarantee next asserts that as to Count VI of the *Dash* lawsuit, alleging Marx negligence in litigating the *Kohl v. Dash* shareholder's derivative suit, Guarantee was the secondary insurer and Gulf was the primary insurer, pursuant to the *"other insurances"* provisions of both policies. The Court agrees with *Guarantee's* interpretation. *See Deshman v. AAAcon Auto Transport,* Inc. 337 So.2d 963 (Fla. 1976).[1]

However, as will be explained below, some of the Marx acts or omissions were excluded from the scope of the Gulf policy, and as to those *Guarantee* was the *only* insurer. As to those for which both companies' policies included coverage, Gulf was the primary insurer, but that conclusion does not affect the outcome here.

Finally, the complaint alleging Marx' malpractice was filed during Guarantee's "claims made" policy in 1982 and was therefore in effect for all the acts and omissions alleged therein.

*Coverage by Gulf*

■ Gulf's "occurrence" policies were in effect from 1974–1978. Marx' negligence in connection with Counts I–V, relating to the stock options were all "occurrences" in 1973 (*See* Second Amended Complaint, *Dash v. Marx*) and as such are clearly outside the scope of Gulf's policy.

Marx' negligent litigation of the *Kohl v. Dash* lawsuit was an "occurrence" spanning 1975 until 1980. Those were "occurrences" after the policy expiration date in 1978 and also outside the policy coverage.

Furthermore, Gulf's "claims made" policy, effective from January 28, 1978 to January 28, 1980 is irrelevant to this action as

no claims were made against Mr. Marx during that time period.

Therefore, Gulf was liable only for Marx' negligent acts in litigating the *Kohl v. Dash* lawsuit occurring from 1975–1978.

**II**

■ Having determined that Gulf was liable for some, but not all, of *Marx* negligence, the Court must determine if Guarantee may seek indemnity on this basis.

Florida law, which governs this diversity action, is well-settled on this issue. Where the judgment includes elements for which an insurer may be liable as well as elements beyond the coverage of the policy, the burden of apportioning the damages is on the party seeking to recover from the insurer. *Universal Underwriters Insurance Corp. v. Reynold,* 129 So.2d 689 (2d DCA 1961); *Keller Industries, Inc. v. Employers Mutual Liability Insurance Co. of Wisconsin,* 429 So.2d 779 (3d DCA 1983).

There is no question that the issue of Marx' negligence is *res judicata.* The jury, however, returned a general verdict and no evidence now exists as to what portions, if any, of the verdict were based upon acts for which Gulf is liable. *Guarantee,* as the party seeking indemnity, has the burden of apportioning the damages and this it has failed to do.

The case of *Jones v. Holiday Inns, Inc.,* 407 So.2d 1032 (Fla. 1st DCA 1982), involves the same predicament in which *Guarantee* now finds itself:

The Plaintiff ... sought to recover from appellee on an affirmative negligence theory as well as a vicarious liability theory. Although the jury was instructed on both theories, the general verdict against appellee did not indicate the basis upon which the jury found liability. *However,* since *appellee, as the party seeking indemnification, had the burden of showing entitlement to indemni-*

---

**1.** Where [as here] two separate insurance policies cover a particular loss and each contains "other insurance" clauses which purport to restrict or limit liability, if one of the policies contains a 'pro rata' clause and the other contains an "excess insurance" clause, effect is given to the letter clause. *Id.* at 965.

*fication and failed to request the use of a special verdict, a general verdict should stand as a bar to indemnification.* Id. at 1034 (emphasis added).

While Gulf was obligated to defend *Marx,* and contributed to his *defense,* see *Aetna Insurance Co. v. Waco, supra,* it does not necessarily mean it is obligated to pay a judgment. *Aetna, supra* 370 So.2d at 1151.

Rather, *Guarantee* having failed to meet its burden of showing the basis of the *Dash* jury's verdict is barred from recovering indemnity. *Jones, supra.*

Guarantee asserts that Gulf failed to insist on the use of a special verdict and should therefore be estopped from benefitting thereby. While this argument must fail, because a general verdict is a bar to indemnity *even* where the insurance company actively seeks a special verdict but is precluded by the Court from using one, *Aetna Insurance v. Waco, supra* 370 So.2d at 1150, the Court notes that in this instance Guarantee had appointed an attorney and had undertaken the defense of Marx. Guarantee had every opportunity to request a special verdict and thereby avoid the unfortunate situation it is now in. Having failed to obtain a special verdict, Guarantee is precluded, pursuant to the Florida case law cited herein, from recovering any payments from Gulf.

The Court need not reach the bad faith claims. Accordingly, pursuant to Federal Rules of Civil Procedure 56, it is hereby

ORDERED AND ADJUDGED that Plaintiff Guarantee's Motion for Summary Judgment is DENIED. It is further

ORDERED AND ADJUDGED that Defendant Gulf's Motion for Summary Judgment is GRANTED.

Final judgment is hereby entered in favor of the Defendant and Plaintiff shall take nothing by this action.

DONE AND ORDERED in Chambers in Miami, Florida, this 20 day of February, 1986.