541 So.2d 689 (1989)
The TRAVELERS INDEMNITY COMPANY, Appellant/Cross-Appellee,
v.
DUFFY'S LITTLE TAVERN, INC., Etc., Appellee/Cross-Appellant.
No. 87-1260.
District Court of Appeal of Florida, Fifth District.
March 23, 1989.
Rehearing Denied April 20, 1989.
*690 Herbert J. Baumann, Jr. of Butler and Burnette, Tampa, for appellant/cross-appellee.
Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellee/cross appellant.
DANIEL, Judge.
This is an appeal by Travelers Indemnity Company and a cross appeal by Duffy's Little Tavern, Inc., from a final judgment awarding Duffy's the sum of $150,000 for its loss under an insurance policy, prejudgment interest, attorney's fees and costs. We affirm in part, reverse in part and remand for further proceedings.
The record reflects that Travelers issued a fire insurance policy covering a building leased by Duffy's. The building was totally destroyed by fire. After the fire, Travelers discovered that it had mistakenly issued an owner's policy rather than a lessee's policy to Duffy's. After Duffy's submitted a claim for loss under the policy, Travelers refused to pay and filed suit against Duffy's for rescission, declaratory relief and reformation of the insurance contract. Duffy's counterclaimed for the fire loss under the policy. The trial court awarded Duffy's the total coverage amount of $165,000, prejudgment interest, attorney's fees and costs.
On appeal, we reversed this final judgment, holding that Duffy's did not have an insurable interest in the premises equal to that of an owner so as to be entitled to the total coverage amount under the policy. Travelers Indemnity Company v. Duffy's Little Tavern, Inc., 478 So.2d 1095 (Fla. 5th DCA 1985). The case was then remanded to the trial court for a determination of Duffy's insurable interest in the leased premises at the time of the fire loss, and such other relief as the trial court deemed proper including prejudgment interest, attorney's fees and remittance of any excess insurance premiums paid by Duffy's to Travelers. In so doing, we noted that Duffy's insurable interest may include the value of the use of the building during the unexpired term of the lease, the value of the leasehold improvements and the value of the contents and personal property belonging to Duffy's which were destroyed as a result of the fire.
On remand, the trial court adopted a stipulation of the parties that Duffy's was entitled to recover $25,000 for the loss of contents and personal property. The court then found that the value of the use of the building during the unexpired term of the lease reduced to present value was $125,000. Thus the court concluded that the total insurable interest of Duffy's for the fire loss was $150,000. Final judgment was entered awarding Duffy's $150,000 for its insurable interest as well as $96,781.23 for prejudgment interest, $36,000 for attorney's fees and $3,184.85 in costs for a total award of $285,966.08.
Both parties have challenged the final judgment raising numerous issues for our consideration. We find that two issues possess merit.
First, we agree with Travelers that the trial court erred in awarding prejudgment *691 interest to Duffy's from the date of the fire loss. Where the breach of a contract to pay a sum of money is caused by a good faith controversy as to the amount due under the terms of the contract and the verdict liquidates the damages due, prejudgment interest is awarded on the amount calculated from the time the sum of money is due under the contract. Maryland Casualty Company v. Florida Produce Distributors, Inc., 498 So.2d 1383 (Fla. 5th DCA 1986). See Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985). Thus Duffy's should have been awarded prejudgment interest only from the date the proceeds would have been due under the terms of its insurance policy.[1]Taylor v. New Hampshire Insurance Company of Manchester, 489 So.2d 207 (Fla. 2d DCA 1986); Biscayne Supermarket, Inc. v. Travelers Insurance Company, 485 So.2d 861 (Fla. 4th DCA 1986). Accordingly the award of prejudgment interest is reversed and the cause remanded for recalculation of this award.
Second, we agree with Duffy's that the award of attorney's fees must be reversed. In computing an award of attorney's fees, the trial court should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). In determining the hourly rate, the number of hours reasonably expended and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. Id. at 1151. Here the trial court failed to set forth specific findings for the award of attorney's fees. Accordingly the award is reversed and the cause remanded for the determination of a reasonable attorney's fee in accordance with Rowe.
The remaining issues raised by the parties lack merit. On appeal, Travelers contends that the trial court improperly calculated the loss of use of the building for the unexpired term of the lease, claiming that the amount should be lower. On cross appeal, Duffy's argues that the loss of use was greater than the amount found by the trial court. Since there is competent substantial evidence to support the trial court, we affirm this award. See Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984); Calvert Fire Insurance Company v. Tarr, 391 So.2d 244 (Fla. 3d DCA 1980).
Travelers also argues that Duffy's was limited to the personal property coverage set forth in the declarations page of the policy. This issue has been decided against Travelers by our remand for a determination of Duffy's insurable interest. Travelers Indemnity Company v. Duffy's Little Tavern, Inc. We also find no abuse of discretion in the trial court's refusal to award costs to Travelers from its prior appeal and in determining reasonable fees and costs for Duffy's expert witnesses. See Goslin v. Racal Data Communications, Inc., 468 So.2d 390 (Fla. 3d DCA 1985).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] The insurance contract (policy) provided that losses were payable thirty days following the submission of a proof of loss with the company (Travelers).