PER CURIAM.
As to the main issues on appeal, we affirm. The remaining issue questions the trial court’s refusal to award either prejudgment or postjudgment interest. It is now well established that prejudgment interest should be awarded where a claim is liquidated. For the purpose of assessing prejudgment interest, a claim becomes liquidated and thus susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). See also Travelers Indem. Co. v. Duffy’s Little Tavern, Inc., 541 So.2d 689 (Fla. 5th DCA 1989). The matter of postjudgment interest is clearly controlled by section 55.03(1), Florida Statutes (1987), and also should have been awarded here.
We therefore affirm except for the failure of the trial court to award interest. Prejudgment interest at the legal rate should be awarded from March 25, 1988, and postjudgment interest should be awarded from the date of the judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, C.J., and LETTS and GLICKSTEIN, JJ„ concur.