[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13405

Non-Argument Calendar

_____

JODI JACOBS,
As Personal Representative of the
Estate of Barry Jacobs,

Plaintiff-Appellant,

versus

MID-CONTINENT CASUALTY COMPANY,
A foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-61017-RKA

_____

2                    Opinion of the Court                    21-13405

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Appellant Mrs. Jodi Jacobs appeals the district court's entry of summary judgment in favor of Appellee Mid-Continent Casualty Company (MCC). The district court found that Jacobs "failed to meet her burden of apportioning her damages between the two state-court defendants."

We review de novo a district court's grant of summary judgment considering the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

Under Florida law, a plaintiff who settles with an insured defendant and then sues the defendant's insurer for indemnification, bears the burden of establishing the allocation of the total damages as between the covered and uncovered claims. *Keller Indus., Inc. v. Emps. Mut. Liab. Ins. Co.*, 429 So. 2d 779, 780 (Fla. Dist. Ct. App. 1983) (collecting cases). If the insured fails to allocate its losses, it is precluded from recovering against the insurer. *Id.* Mrs. Jacobs failed to produce any evidence that the settled claims at issue were allocated as required under Florida law. As a result, MCC is entitled to summary judgment. We affirm.

**AFFIRMED.**